IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CALVIN LAMONT WEST, | ) | |
| Register No. 1036522, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4040-CV-C-NKL |
| | ) | |
| RODNEY LENTZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On June 8 and July 8, 2009, defendants filed motions to dismiss. Plaintiff did not formally respond in opposition[1] within the time limits set by L.R. 7.1, and on August 6, 2009, a show cause order was issued. In that order, plaintiff was advised that failure to respond would be treated as a lack of opposition to the motions and would likely result in dismissal. Plaintiff did not respond to the motions or the show cause order and, thus, plaintiff does not appear to oppose dismissal.

In October 2009, plaintiff submitted a change of address and indicated he would pay the remainder of the filing fee shortly. Plaintiff has not made any additional payments toward the filing fee, and mail sent to him in November 2009 was returned undeliverable and marked "no such number - unable to forward." By failing to make payments, to keep the court properly informed of his correct address and to respond to the show cause order, plaintiff has failed to prosecute this action. Under Rule 41(b) of the Federal Rules of Civil Procedure, the court may dismiss a complaint for the plaintiff's failure to prosecute or to comply with court orders.

On June 8, 2009, defendants Lentz, Garbarz and Sulltrop filed a motion to dismiss for plaintiff's failure to exhaust his administrative remedies. Defendants state plaintiff started the

---

[1]Following the filing of the first motion, plaintiff submitted letters, requested appointment of counsel, and indirectly explained his reason for not filing a grievance appeal, but he did not directly respond in opposition to the motion. Further, he did not respond in any manner to the second motion.

administrative process but did not complete it by filing a Grievance Appeal and waiting the designated time for a response prior to filing this lawsuit. In letters requesting appointment of counsel, plaintiff concedes he did not file the grievance appeal, but suggests he did not do so because he was sent to see a specialist for his medical needs. He claims he did not receive necessary treatment, but was tricked into not filing the appeal on the basis that he was finally going to get some help.

On July 8, 2009, defendant McGuire filed a motion to dismiss on the basis that plaintiff failed to state a claim against her and that he failed to exhaust his administrative remedies. Plaintiff did not respond in any manner to McGuire's motion and suggestions. McGuire asserts the claims against her were based on the doctrine of respondeat superior[2] because plaintiff claims she "signed off" on the grievance without further investigation. Defendant states "[t]here is no constitutional requirement that [she] interfere with or overrule medical decisions made by trained medical professionals." (Doc. 26 at 5.) Further, defendant states plaintiff failed to file a grievance appeal and to complete step 3 of the grievance procedure.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all

---

[2]A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

claims on which a prisoner is seeking relief.  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).  Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly.  Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies).  A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

Here, plaintiff did not complete the administrative process by filing grievance appeals.  He has failed to exhaust his administrative remedies, failed to respond to a court order and failed to prosecute his claims.

IT IS, THEREFORE, ORDERED that plaintiff's claims are dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e.  [15, 25]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated:  January 21, 2010
Jefferson City, Missouri